STANLEY F. LEEDS v. A. BLACKWELL.

**Purchase of Land — Written Contract — Mistake of Draftsman — Evidence.**
Where a draftsman makes a mistake in reducing a contract for the purchase of land to writing, his evidence is competent to establish that fact.

**Rent.**
Where a purchaser of land enters under the contract and offers, in good faith, to perform it, he should not be held to pay rent.

APPEAL FROM CLARK CIRCUIT COURT.

February 2, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Leeds entered upon the land as a purchaser and not as tenant; he avers that he was to pay $5,000 when the deed was made by Blackwell and wife and confirmed by the court, which it was anticipated would be done at the term then in session, but which for some cause was not done, that the draftsman being in a hurry made a mistake in reducing the contract to writing, and when he objected the draftsman assured him it made no difference, and these facts were substantiated by the evidence of the draftsman, who was a practicing lawyer and Blackwell's attorney, thus proving a double mistake first in reducing the contract to writing and then getting appellant to sign it under a mistaken understanding of its effect; in this view the evidence of the attorney was not only competent but highly proper and the court erred in excluding it from the jury; it was certainly competent to establish the issue made by appellant in his answer. If he entered as a purchaser and complied with his contract and offered to perform in good faith he should not be held to pay rent.

Wherefore, the judgment is reversed, with directions for a new trial in accordance herewith.

*Huston*, for Appellant.

*Simpson*, for Appellee.